# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40344
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 28, 2015

Lyle W. Cayce
Clerk

CAROL PASELK,

Plaintiff–Appellant,

versus

BAYVIEW LOAN SERVICING, L.L.C.,
 and All Unidentified Associates, Directors, Staff, Employees, Members,
 Supporters and Volunteers in Their Official and Individual Capacities,

Defendant–Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:13-CV-262

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Along with Myrtle Reynolds, Carol Paselk took out a residential mortgage. The borrowers eventually were in default for failure to make

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40344

payments as required for a period of about a year. After the loan servicer issued a notice of default, Paselk cured the default by entering into a loan modification, but the loan later went again into default. Bayview Loan Servicing, L.L.C. ("Bayview"), which was by then the loan servicer, foreclosed.

Paselk sued Bayview for wrongful foreclosure, breach of contract, economic duress, lost profits, fraud, fraudulent misrepresentation, wrongful interference, and negligence. Bayview sought summary judgment on the ground of limitations and lack of evidence. The district court, adopting the sixteen-page report and recommendation of the magistrate judge, determined that the longest applicable limitations period under the governing Texas law was four years. Paselk based her claims on actions between 2005 and 2008 but did not sue until 2013. The court also determined that, to defeat the defense of limitations, Paselk had not shown facts to invoke the "discovery rule" or the "fraudulent concealment" doctrine. The court adopted the magistrate judge's detailed examination of the facts that revealed that, aside from the limitations bar, Paselk had tendered no facts to establish liability under the legal theories she put forth. The district court also noted that Paselk had not objected to the substance or findings of the magistrate judge's report.

The decision of the district court is correct as to both the limitations bar and the lack of evidence to show liability. The summary judgment is AFFIRMED, essentially for the reasons set forth by the magistrate judge.

2